494 A.2d 470

**Frederick J. BAIER, Appellee,**

v.

**Anna P. BAIER, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed June 7, 1985.

James L. Beck, Pittsburgh, for appellant.

Robert B. Marcus, Pittsburgh, for appellee.

Before OLSZEWSKI, HESTER and SHIOMOS, JJ.*

SHIOMOS, Judge:

Following refusal of the Commonwealth of Pennsylvania Public School Employee's Retirement System (Retirement System) to participate in a property settlement agreement, appellant filed a petition for equitable relief which was denied on September 14, 1983. Appellant's exceptions to the court's denial were dismissed on October 7, 1983, and this appeal followed on October 18, 1983.

Appellee filed a letter stating that he does not contest appellant's efforts in seeking enforcement of the property settlement agreement.

The parties were divorced on May 6, 1983, and a property settlement agreement was incorporated into the divorce decree. Pursuant to the terms of that agreement, the appellee was to pay alimony to the appellant; his obligation to pay was secured by a promissory note. Appellee pledged his pension account with the Retirement System as collateral to secure the note.

The issue presented to us is whether 24 Pa.C.S.A. § 8533 prohibits the pledge of a pension account with the Commonwealth of Pennsylvania Public School Employee's Retirement System to secure an obligation to pay alimony?

We adopt the majority opinion of Justice Larsen in the recent case of *Young v. Young*, 507 Pa. 70, 488 A.2d 264 (1985). While the *Young* case dealt with the obligation to pay alimony rather than equitable distribution, it is the opinion of this Court that all of the essential elements are the same.

Therefore, the order of the lower court dismissing appellant's exceptions is reversed and the case remanded for further proceedings consistent with this position.

* Judge Thomas N. Shiomos, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.